IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLIFFORD HUGHES § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 3-12-CV-0932-P |
| § | |
| ESTES EXPRESS LINES, INC., § | |
| ET AL. § | |
| § | |
| Defendants. § | |

## MEMORANDUM ORDER

Plaintiff Clifford P. Hughes has filed a motion for appointment of counsel in this discrimination case brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. There is no automatic right to the appointment of counsel in an employment discrimination suit. *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision is left to the sound discretion of the trial court. The court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston*, 556 F.2d at 1309. No single factor is conclusive. *Gonzalez*, 907 F.2d at 580.

Prior to filing suit, plaintiff filed a charge of discrimination with the EEOC. The agency investigated the charge and was "unable to conclude that the information obtained establishes violations of the statutes." (*See* Doc. #3, Page-ID at 18). Such a determination is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzalez*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309. Although plaintiff lacks the financial resources to hire a lawyer, that factor alone does not warrant the appointment of counsel.

For these reasons, plaintiff's motion for appointment of counsel [Doc. #5] is denied without prejudice. Plaintiff may reurge his motion if this case survives dismissal after dispositive motions are decided.

SO ORDERED.

DATED: April 3, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE